*pcs*

## ᗕ **FILED**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISCTICT OF ILLINOIS
### EASTERN DIVISION

DEC 1 3 2012

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

ANDREW KRETSCHMAR, an individual,

                 Plaintiff,

             vs.

12cv9943
Judge Ruben Castillo
Magistrate Judge Jeffrey Cole

PINDERSKI & PINDERSKI, LTD., an
Illinois Corporation, PAUL C. PINDERSKI,
an individual,

                 Defendants.

## <u>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, THE ILLINOIS COLLECTOR FOR AGENCY ACT, AND OTHER RELIEF</u>

COMES NOW, the PLAINTIFF, Andrew Kretschmar ("Plaintiff" or "Mr. Kretschmar") and pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (West 2012) ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS §425/1 *et seq.* (West 2012) ("ICAA") against Defendants PINDERSKI & PINDERSKI, LTD. (the "Pinderski & Pinderski") and Paul C. Pinderski ("Mr. Pinderski")(collectively, the "Defendants") for statutory damages and other such relief. In support hereof, Plaintiff avers the following.

### JURISDICTION AND VENUE

1.      Jurisdiction of this court arises under 15 U.S.C. §1681p and 1692k(d) and 28 U.S.C. §1331 and §1367.

1

2.     Venue is proper, because many of the relevant events occurred within Cook County in the State of Illinois, which is located within this District.

3.     Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding.  Consequently, this court has supplemental jurisdiction over Plaintiff's State law claims against the Defendants.

4.     This is an action brought by a consumer for violations of the above named Acts in connection with a purported debt asserted by the Defendants, the Defendants' collection tactics in attempting to collect it, and the Defendants' refusal to comply with the Seventh Circuit standards of conduct regarding the collection of an alleged debt, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter. Thus, the plaintiff seeks statutory and actual damages, costs and reasonable attorneys' fees.

## PARTIES

5.     Andrew Kretschmar, the Plaintiff is a natural person residing within Cook County, and at all relevant times, at 554 W. Northwest Highway, Unit A, in Palatine, Illinois.

6.     Defendant Pinderski & Pinderski is a business that uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another, with its principal place of business at 115 W. Colfax St., in Palatine, Illinois.

7.     Defendant Paul C. Pinderski is an individual, employee, and—upon information and belief—a principal and/or partner of Defendant Pinderski & Pinderski.  At all times relevant to this complaint, Pinderski was using instruments of interstate commerce to facilitate the

2

collection of debts owed or asserted to be due another on behalf of Defendant Pinderski & Pinderski. Additionally, Pinderski is a practicing attorney licensed within the State of Illinois.

8.     A & A Body Shop, Inc. ("A & A"), is the purported original creditor which employed and retained Defendants to represent it to collect of a purported debt for alleged services that it had purportedly rendered for Kretschmar as an individual consumer.

9.     All Defendants are considered a "person", under 735 ILCS 5/1-101 *et seq.*

10.     At all times material, Defendants acted on behalf of and in concert with one another and are one another's agents.

## BACKGROUND FACTS COMMON TO ALL COUNTS

11.     Plaintiff's <u>insurer</u> retained A & A to service and repair his Honda Accord ("the Car") on or about July 12, 2011 to repair the damage caused to the car by a hail storm.

12.     A & A proceeded to use aftermarket or poorer quality parts, failed to repair all of the hail damage, and/or failed to repair the Car in a workmanlike manner. Indeed, some of the Car's doors that had opened prior to leaving the Car with A & A no longer opened. Additionally, after A & A performed work on the car, there were water leaks into the passenger compartment that had never been there prior to A & A's work.

13.     Plaintiff thereafter refused to tender payment to A & A because A & A had objectively failed to perform the repairs for which it had contracted.

14.     On December 14, 2011, Defendant Pinderski, by and through Defendant Pinderski & Pinderski, sent an initial contact letter to the Plaintiff, claiming a debt of $4,615.37. A copy of this letter is attached hereto as Exhibit "A".

15.     This letter contains an 'overshadow' of legal jargon, threats of criminal prosecution to compel settlement in a civil action, and baseless allegations purporting to describe the alleged debt owed by Plaintiff.  (Please see, Ex. A.)

16.     Defendants did not, between the dates of December 15 through December 19, 2011 and following the December 14, 2012 initial contact, dispatch the second letter validating the debt pursuant to 15 U.S.C. 1692g(a) and 225 ILCS 425/9.3.

17.     The purported account is a "debt", as defined by 15 U.S.C. § 1692a (5) and as defined by 225 ILCS 425/2.

18.     In December of 2011 and following the December 14th letter (Ex. A), Plaintiff retained Jacob J. Meister & Associates to represent him in the then-ongoing dispute between A & A and Plaintiff regarding payment for purported services.

19.     In and around late December of 2011, Mr. Meister promptly notified Defendants that he was an Illinois Attorney who represented Plaintiff and that Defendants were to cease communication with Plaintiff pursuant to 15 U.S.C. § 1692c and 225 ILCS 425/9(a)(30).

20.     Therein, Mr. Meister also disputed the validity of the debt on behalf of Plaintiff.

21.     Over a month later and on or around January 19, 2012, Defendants sent another letter purporting to verify A & A's purported "work" on the Car, but did not provide any validation from A & A as to the legitimacy of the debt as per 15 U.S.C. 1692g(a) and 225 ILCS 425/9.3.  A copy of this letter is attached hereto as Exhibit "B".

22.     In a conversation where Mr. Meister pointed out the error in failing to validate the debt, Defendant Pinderski simply stated to Mr. Meister, "It's validated.  I've validated it."

23.     In and around late February of 2012, Defendants once again dispatched a letter directly to Mr. Kretschmar, even though he was represented by counsel.

24.     On or about February 17, 2012, Mr. Meister again dispatched a letter to Defendants informing them (a) of the errors in the validation with six (6) specific requests and (b) to cease and desist further communication with the Plaintiff.  A copy of this letter is attached hereto as Exhibit "C".

25.     On March 3, 2012, Defendants sent another letter to both Mr. Meister and <u>directly</u> to Mr. Kretschmar.

26.     Thereafter and on April 20, 2012, Defendants, on behalf of A & A, initiated a lawsuit against Plaintiff for, *inter alia*, failure to pay the invalidated debt.

27.     Since then and as of the time of this suit, A & A's complaint has already been dismissed at least once.

## COUNT I
## <u>VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT</u>
### 225 ILCS §425/1 et seq. (West 2012)
**(Against Defendants Pinderski & Pinderski, Ltd. and Paul C. Pinderski)**

28.     Plaintiff incorporates by reference paragraphs 1 through 27 above as though fully set forth herein as Paragraph 28.

29.     Defendants have chosen to consider Mr. Kretschmar's purported account as a debt owed to it as a debt collector.

30.     Throughout all times material, Defendants have held themselves as debt collectors as per 225 ILCS 425/2 (West 2012).

31.     As debt collectors conducting business, Defendants were and are legally required to follow the Illinois Collection agency Act.

32.     As debt collectors within the definition of this Act, Defendants were and are legally required to uphold the following duties:

5

a. To refrain from "…us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt";

b. To refrain from "…us[ing] unfair or unconscionable means to collect or attempt to collect any debt";

c. To refrain from "[e]ngaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public;

d. To properly validate a debt in manner consistent with 225 ILCS 425/9.3(a); and

e. To cease direct contact with an alleged debtor following contact from an attorney representing said alleged debtor.

33.     Defendants violated the aforementioned proscriptions in the following ways:

a. Using an 'overshadowing' preamble containing litigation threats on the December 14th letter instead of the prescribed format for letters (Ex. A);

b. Falsely insinuating that the Pinderski & Pinderski could prosecute Plaintiff pursuant to a criminal statute ("720 ILCS 5/17-1") in a private litigation (Ex. A);

c. Using a misrepresentation that there were no issues with the car following the repairs (Ex. A);

d. Failing to give the 5-day required follow-up correspondence, including, but not limited to a complete lack of communication and omitting from each and every written correspondence the 7th Circuit's prescribed "Safe Harbor Language"; and

e. Contacting Mr. Kretschmar directly despite both (1) having received correspondence from Meister that he represented Plaintiff and (2) having acknowledged Meister's communication by also sending Meister correspondence.

34.     These five (5) or more violations are considered to have statutorily caused at least $45,000.00 in damages.  (Please see, 225 ILCS 425/9.)

35.     As a direct and proximate result of these violations, Plaintiff has experienced actual damages in excess of $45,000.00.

36.     As will be proved by the evidence, Plaintiff has incurred attorneys' fees in excess of $5,000.00 and court costs as a direct and proximate result of these violations. (Please see, 225 ILCS 425/14a.)

WHEREFORE, Plaintiff prays that this court grant judgment in his favor and against Pinderski & Pinderski, Ltd., and attorney Paul C. Pinderski:

    a.  Actual and Statutory Damages in amount in excess of $45,000.00, as will be shown at trial;

    b.  Reasonable Attorneys' fees pursuant to 225 ILCS 425/14a;

    c.  The costs in bringing this action pursuant to 225 ILCS 425/14a; and

    d.  For such other and further relief as this Court deems fair and just.

## COUNT II
## VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.* (West 2012)
### (Against Defendants Pinderski & Pinderski, Ltd. and Paul C. Pinderski)

37.    Plaintiff incorporates by reference paragraphs 1 through 36 hereinabove as though fully set forth herein as Paragraph 37.

38.    Defendants have chosen to consider Mr. Kretschmar's purported account as a debt owed to it as a debt collector.

39.    Throughout all times material, Defendants have held themselves as debt collectors as per 15 U.S.C. § 1692 *et seq* (West 2012).

40.    As a debt collector conducting business, Defendants were and are legally required to follow the federal Fair Debt Collection Practices Act ("FDCPA").

41.    As a debt collector within the definition of the FDCPA, Defendants were and are legally required to uphold the following duties:

    a.  To refrain from "…us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt";

    b.  To refrain from "…us[ing] unfair or unconscionable means to collect or attempt to collect any debt";

    c.  To refrain from "[e]ngaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public;

    d.  To properly validate a debt in manner consistent with 15 U.S.C. §1692g; and

7

    e.   To cease direct contact with an alleged debtor following contact from an attorney representing said alleged debtor 15 U.S.C. §1692c(a)(2).

42.    Defendants violated the aforementioned proscriptions in one the following ways:

    a.   Using an 'overshadowing' preamble containing litigation threats on the December 14th letter instead of the prescribed format for letters (Ex. A);

    b.   Falsely insinuating that the Pinderski & Pinderski could prosecute Plaintiff pursuant to a criminal statute ("720 ILCS 5/17-1") in a private litigation (Ex. A);

    c.   Using a misrepresentation that there were no issues with the car following the repairs (Ex. A);

    d.   Failing to give the 5-day required follow-up correspondence, including, but not limited to a complete lack of communication and omitting from each and every written correspondence the 7th Circuit's prescribed "Safe Harbor Language";

    e.   Contacting Mr. Kretschmar directly despite both (1) having received correspondence from Meister that he represented Plaintiff and (2) having acknowledged Meister's communication by also sending Meister correspondence; and

    f.   Twice (2x) failing to include the required "mini-Miranda" Notice in (1) their Complaint and (2) their Amended Complaint, which were filed in the Circuit Court of Cook County.

43.    These seven (7) or more violations are considered to have statutorily caused at least $7,000.00 in damages. (Please see, 15 U.S.C. §1692k)

44.    As a direct and proximate result of these violations, Plaintiff has experienced actual damages in excess of $5,000.00.

45.    As will be proved by the evidence, Plaintiff has incurred attorneys' fees in excess of $5,000.00 and court costs as a direct and proximate result of these violations. (Please see, 15 U.S.C. §1692k(a)(3).)

WHEREFORE, Plaintiff prays that this court grant judgment in their favor and against:

    A.   Actual and Statutory Damages in amount in excess of $7,000.00, as will be shown at trial;

    B.   A reasonable Attorney's fee pursuant to 15 U.S.C. §1692k(a)(3);

    C.   The costs in bringing this action pursuant to 15 U.S.C. §1692k(a)(3); and

D.  For such other and further relief as this Court deems fair and just.

Dated:  December 12, 2012

13

*Plaintiff Demands Trial By Jury*

Respectfully submitted,
Andrew Kretschmar, Plaintiff

By: _____
One of His Attorneys

Paul Fine
Law Offices of Paul Fine
655 W. Irving Park Rd., #4213
Chicago, IL 60613

Thomas Leverso
Law Offices of Thomas V. Leverso
33 West Higgins Road, Suite 3080
South Barrington, Illinois 60010
Telephone: 630-936-9902
IL ARDC: 6295688

9

**Exhibit A**

**December 14, 2011 Letter From Defendants to Plaintiff**

LAW OFFICES
# PINDERSKI & PINDERSKI, LTD.

Jerome W. Pinderski, Jr.
Paul C. Pinderski
Polly J. Pinderski

Jerome W. Pinderski
1925-1993

Louis Pinderski
1883-1943

115 West Colfax Stree;
Palatine, Illinois 60067-5086 USA

847-358-5220
FAX 847-358-4506
PinderLaw@aol.com

www.pinderski.com

December 14, 2011

By
Certified Mail, RRR
& First Class Mail

Andrew Kretschmar
554 W. Northwest Highway
Unit A
Palatine, IL 60067

> Re: A& A Body Shop, Inc.
> Unpaid Repair Services &
> Stopped Payment Check: plus costs
> Final Demand for Payment

Dear Mr. Kretschmar:

Please be advised that our firm has been retained to begin collection proceedings for the amount of the check you tendered for payment of services, material and labor of A & A Auto Body but which you failed to remit the full payment.

In conjunction with your insurance carrier, an estimate for the work to be done on your car was performed by A&A Auto Body. You picked up your repaired vehicle on August 23, 2011. At that time, you accepted the condition of the car and did not have any issues with the repairs. You were supposed to bring the insurance check, but told the owner of the shop that it would be sent to him. You gave him your personal check, in the amount of $500.00 for your deductible. You never sent the insurance check. In addition, you immediately stopped payment on your personal check. Enclosed please find a copy of your August 23, 2011 check, number 271, detailing the amount of $500.00 payment to A & A Body Shop, Inc. and the bank notification of stopped payment as to the validity of the debt sought to be collected.

This is a final demand for full payment of your account plus the statutory costs under Illinois law. A person who issues a check for payment that is not honored can be liable under the Illinois Deceptive Practices Act for the amount of the check, damages of treble the amount so owing, but in no case less than $100 and no more than $1,500, plus attorneys fees and court costs. 720 ILCS 5/17-1a. In addition, the Illinois Commercial Code provides for the collection of reasonable costs, including attorney fees and all costs and expenses incurred with the collection of the unpaid check. 810 ILCS 5/3-806.

In order to avoid formal collection proceedings to be instituted, we ask that you tender by cashier's or certified funds payable to A & A Body Shop, Inc. within 30 days of this letter, the following:

| 1. | Total unpaid balance | $4441.67 |
| 2. | Bank charge incurred | $    5.00 |
| 3. | Attorney fee & costs | $  100.00 |

LAW OFFICES

# PINDERSKI & PINDERSKI, LTD.

December 14, 2011

Kretschmar/ A & A Body Shop
Page Two


      4. Interest (815 ILCS 205 @
           $0.608/day x 113)     $ 68.70

    Total due              $4615.37

If this matter is not resolved, additional attorney fees, expenses and costs will be sought in any court proceeding.

This letter is intended to collect a debt. If you disagree with the nature, amount or the validity of the debt you must contact the undersigned as soon as possible. The debt will be presumed valid by us if you do not dispute its validity in writing within 30 days. This is an attempt to collect a debt and any information obtained will be used for that purpose. Any correspondence, conversations or documents provided by you may be used in any collection proceeding.

We strongly urge you to review this letter and make any undisputed payments to us for forwarding to our client.

If you have any questions, please advise.

Thank you for your cooperation and early reply.

Very truly yours,

PINDERSKI & PINDERSKI, LTD.

Paul C. Pinderski

Encl.

cc: C. Steif, A& A Body Shop, Inc.

ADVICE
OF
DEBIT

**BANK OF PALATINE**
1 EAST NORTHWEST HWY.
PALATINE, ILLINOIS 60067

We this date charged your account and returned unpaid the following items endorsed by you:    DATE

| KEY | DRAWN BY | DRAWN ON | AMOUNT |
|-----|----------|----------|--------|
| | *Andrew Kretschmer* | | 500 |
| | 847-525-1404 | | |

1. Insufficient funds
2. Endorsement missing
3. Endorsement not as drawn
4. Not on us
5. Signature
6. Uncollected funds
7. Account Closed
8. Other reason (specify)
Stop Pmt

TOTAL    500.00

Charge To    *A Body Shop*
*600 W. ___x*
*Palatine IL 60067*

ACCT. NO.    2398101
APPROVED BY: ___

---

*071000301*
08/31/2011
631643'1039

This is a LEGAL COPY of
your check. You can use it
the same way you would
use the original check.

RETURN REASON ~ C
STOP PAYMENT

601231502430031
[071242413 08/26/2011

**STOP PAYMENT**

**Andrew W. Kretschmer**  91-05                                    271
**564 W Northwest Hwy Unit A**                                    70-88882718
**Palatine, IL 60067**

*Aug 20* ___

PAY TO THE
ORDER OF    *A and R*                              $ 500.⁰⁰

*five-hundred and No/100*                          DOLLARS

**Premier Credit Union**
1212 W Northwest Hwy
Palatine, IL 60067 1007

FOR    *INS Deductible*

⑈271988980⑈    ⑈000004508⑈    027 ⑈00000050000⑈

Case: 1:12-cv-09943 Document #: 1 Filed: 12/13/12 Page 14 of 30 PageID #:14

# A & A BODY SHOP, INC.

**600 WEST COLFAX ST.**
**PALATINE, IL 60067**
**847-358-1616**

# Invoice

| INVOICE |
|---|
| KRETSCHMAR , ANDREW |
| 554 W NORTHWEST HWY. |
| PALATINE , ILLINOIS 60067 |
| CLAIM # 28660B-01 |

| DATE | INVOICE # |
|---|---|
| 10/19/2011 | 41354 |

| TELEPHONE # | WORK # | LICENSE # | CAR MAKE |
|---|---|---|---|
| 847-525-1404 | | H 599-180 | 2008 HONDA ACCORD |

| DESCRIPTION | AMOUNT |
|---|---|
| REPAIRS AS PER ORIGINAL ESTIMATE | 6,609.58 |
| SUPPLEMENT AMOUNT PAID BY INSURANCE   ( 8-18-11) | -2,167.91 |
| | |
| BALANCE DUE ASAP!!!!!!!!! | 0.00 |
| Sales Tax | |

| | **Total** | $4,441.67 |
|---|---|---|
| THANK YOU FOR YOUR BUSINESS! | | |

Exhibit B

January 19, 2012 Letter From Defendants

LAW OFFICES

# PINDERSKI & PINDERSKI, LTD.

Jerome W. Pinderski, Jr.
Paul C. Pinderski
Polly J. Pinderski

Jerome W. Pinderski
1925-1993

Louis Pinderski
1883-1948

115 West Colfax Street
Palatine, Illinois 60067-5086 USA

847-358-5220
FAX 847-358-4506
PinderLaw@aol.com

www.pinderski.com

January 19, 2012

Jacob J. Meister
Attorney at Law
2129 N. Western Ave
Chicago, IL 60647

RE: A&A Auto Body v. Kretschmar

Dear Mr. Meister:

Enclosed please find sufficient documentation to support A&A Auto Body's claim against Andrew
Kretschmar for unpaid automotive repair services;

1. Insurance carrier's final estimate of work approved and costs;
2. Insurance carrier's check for $3,941.67 for initial repairs that was negotiated by Kretschmar and
never remitted to A& A Auto Body;
3. Insurance carrier check for $2,167.91 for approved work paid to A & A Auto for supplemental
repairs;
4. Our letter dated December 14, 2011 with attachments including Kretschmar's stop payment
check for his deductible and A & A Auto Body invoice.

You should be aware that your client brought his car and his insurance estimate to A&A. My client
accepted the assignment to repair the vehicle. Additional work was needed, which was inspected and
approved by the parties, including the insurance carrier. Your client picked up his vehicle, inspected
it and accepted the work performed. He specifically told the A&A owner that he forgot the
insurance check and that he would send it right away. He gave his $500 personal check and left
with the vehicle. He never returned with any complaints about the work performed. However, your
client did immediately stop payment on his check and diverted the insurance company's check.

As a result of your client's actions, the following is the current amount due pursuant to our
previous letter which we stand ready to start collection proceedings:

| | |
|---|---|
| Total unpaid balance | $4441.67 |
| Bank charge incurred | $    5.00 |
| Attorney fee & costs | $ 200.00 |
| Interest (815 ILCS 205 @ | |
| $0.608/day x 149) | $  90.59 |
| Total due | $ 4737.26 |

We expect remittance of the full amount upon receipt of this correspondence.

Very truly yours,

PINDERSKI & PINDERSKI, LTD.

Paul C. Pinderski
Encl.

*KRETCHMEYER V's July 12 & Aug. 12th*

**HORACE MANN INSURANCE - WESTERN AUTO**
P.O. BOX 631790
INTELLICENTER SUITE 300
IRVING, TX 75063
PHONE: (877) 461-0010 FAX: (972) 929-0712

*** SUPPLEMENT 1 ***

*Supplement inspection 9/23/11 S1*

07/11/2011 05:27 PM
08/11/2011 07:25 PM

### Owner

Owner: ANDREW W KRETSCHMAR
Address: 554 W NORTHWEST HWY UNIT A
City State Zip: PALATINE, IL 60067-0200
Email: andrew.kretschmar@gmail.com

Home/Day: (847)525-1404

### Control Information

Claim #: 28560B-01
Loss Date/Time: 06/30/2011 09:00 AM
Deductible: $500.00
File #: 4399691

Insured Policy #: PA 1272476710
Loss Type: Comprehensive

Accounting #:

Ins. Company: Horace Mann Property & Casualty Insurance Company
Company Contact: Horace Mann
Address:

Work/Day: (877)461-0010

Agent: Isaac Cavazos
Address: 3701 Regent
City State Zip: Irving, TX 75063
Email: cavazoi1@horacemann.com

Work/Day: (877)461-0010x8806
FAX:

Insured: ANDREW W KRETSCHMAR
Address:

Home/Day: (847)525-1404

Claim Rep: Isaac Cavazos
Address: 3701 Regent
City State Zip: Irving, TX 75063
Email: cavazoi1@horacemann.com

Work/Day: (877)461-0010x8806
FAX:

*# 8893 Chelsie*

Loss Payee: PREMIER CREDIT UNION

### Inspection

Inspection Date: 07/11/2011 09:15 AM
Inspection Location: Insd residence
Address: 554 W NORTHWEST HWY UNIT A
City State Zip: Palatine, IL 60067
Primary Impact: All Over
Driveable: Yes

Inspection Type: Field
Contact: Andrew Kretschmar
Work/Day: (847)525-1404

Secondary Impact:
Rental Assisted:

Assigned Date/Time:
First Contact Date/Time:

Received Date/Time: 07/11/2011 07:24 PM
Appointment Date/Time: 07/04/2011 10:00 AM

Appraiser Name: John Rago
Address: PO Box 1455
City State Zip: West Des Moines, IA 50266

Appraiser License #:
Work/Day: (800)572-8010
FAX:

Orig Appraiser Name: John Rago
Address: PO Box 1455
City State Zip: West Des Moines, IA 50266

Appraiser License #:
Work/Day: (800)572-8010
Cell: (708)710-4659
FAX:

### Repairer

Repairer: A & A Auto Body
Address: 600 W. Colfax

Contact: Cliff
Work/Day: (847)358-1616
FAX: (847)358-1781

2008 Honda Accord EX 4 DR Sedan
Claim # : 286808-01

07/11/2011 05:27 PM
08/11/2011 07:25 PM

|  | |
|---|---|
| City State Zip: Palatine, IL 60067 | FAX: |
| License # : 36-2683008 | Regulation ID: |
| Target Complete Date/Time: | Days To Repair: 10 |

## Vehicle

2008 Honda Accord EX 4 DR Sedan
4cyl Gasoline 2.4
5 Speed Automatic

| | | | |
|---|---|---|---|
| Lic.Plate: H 599 180 | | Lic State: IL |
| Lic Expire: | | VIN: JHMCP26738C076264 |
| Prod Date: 05/2008 | | Mileage: 58,370 |
| Veh Insp#: | | Mileage Type: Actual |
| Condition: Good | | Code: H1413C |
| Ext. Color: NIGHTHAWK BLACK | | Int. Color: |
| Ext. Refinish: Two-Stage | | Int. Refinish: |
| Ext. Paint Code: B92P-15 | | Int. Trim Code: |

## Options

| | | |
|---|---|---|
| AM/FM In-dash CD Changer | Air Conditioning | Alarm System |
| Aluminum/Alloy Wheels | Anti-lock Brakes | Bucket Seats |
| Center Console | Cruise Control | Dual Airbags |
| Floor Mats | Head Airbags | Heated Power Mirrors |
| Intermittent Wipers | Keyless Entry System | Lighted Entry System |
| MP3 Player | Overhead Console | Power Brakes |
| Power Door Locks | Power Drivers Seat | Power Moonroof |
| Power Steering | Power Windows | Rear Window Defroster |
| Rem Trunk-L/Gate Release | Side Airbags | Stability Cntrl Suspensn |
| Strg Wheel Radio Control | Tachometer | Theft Deterrent System |
| Tilt & Telescopic Steer | Tinted Glass | Traction Control System |
| Velour/Cloth Seats | | |

## Damages

| Line | Op | Guide | MC | Description | MFR.Part No. | Price | ADJ% B% | Hours | R |
|---|---|---|---|---|---|---|---|---|---|
| 1 | RI | 28 | | Grille Assembly | R & I Assembly | | | 0.3 | SM |
| 2 | N | 41 | | Headlamp Assy,Halogen LT | Additional Labor | | | 1.7 | SM |
| 3 | N | 42 | | Headlamp Assy,Halogen RT | Additional Labor | | | 0.4 | SM |
| 4 | EC | 83 | 46 | Panel,Hood | QUALITY REPL. PART | $305.00* | | 1.3 | SM |
| | | | | >> Keystone Capa Certified | | | | | |
| 5 | L | 83 | 13 | Panel,Hood | Refinish | | | 5.4 | RF |
| | | | | | 3.0 Surface | | | | |
| | | | | | 1.2 Edge | | | | |
| | | | | | 0.6 Two-stage setup | | | | |
| | | | | | 0.6 Two-stage | | | | |
| 6 | RI | 86 | | Pad,Insulator Hood | R & I Assembly | | | 0.5 | SM |
| 7 | SB | 103 | | Fender,Front LT | Sublet Repair | $325.00* | S1 | | SM |
| | | | | >> PDR | | | | | |
| 8 | SB | 104 | | Fender,Front RT | Sublet Repair | $325.00* | S1 | | SM |
| | | | | >> PDR | | | | | |
| 9 | RI | 107 | | Skirt,Inner Fender LT | R & I Assembly | | | 0.5 | SM |
| 10 | RI | 108 | | Skirt,Inner Fender RT | R & I Assembly | | | 0.3 | SM |
| 11 | N | 143 | | Windshield R & I | Additional Labor | | S1 | INC | SM |
| 12 | E | 151 | | Mldg Assy,W/S Reveal | 73150TA5A01 | $30.82 | S1 | INC | SM |
| 13 | RI | 1780 | | Console,Overhead | R & I Assembly | | S1 | INC | SM |
| 14 | RI | 1630 | | Visor,Sun LT | R & I Assembly | | S1 | INC | SM |
| 15 | RI | 1631 | | Visor,Sun RT | R & I Assembly | | S1 | INC | SM |
| 16 | RI | 599 | | Airbag,Roof LT | R & I Assembly | | S1 | INC | ME |
| 17 | RI | 600 | | Airbag,Roof RT | R & I Assembly | | S1 | INC | ME |
| 18 | SB | 207 | | Door Shell,Front LT | Sublet Repair | $75.00* | | | SM |
| | | | | >> PDR | | | | | |
| 19 | SB | 208 | | Door Shell,Front RT | Sublet Repair | $75.00* | | | SM |
| | | | | >> PDR | | | | | |
| 20 | RI | 231 | | Pnl,Inner Door Trim LT | R & I Assembly | | | 0.4 | SM |
| 21 | RI | 232 | | Pnl,Inner Door Trim RT | R & I Assembly | | | 0.4 | SM |

08/11/201 07:25 PM

Page 2 of 4

2008 Honda Accord EX 4 DR Sedan
Claim #: 266606-01

07/11/2011 05:27 PM
08/11/2011 07:25 PM

| | | | | Description | Part # | Price | | Line | Hrs | |
|---|---|---|---|---|---|---|---|---|---|---|
| 22 | E | 241 | | Mldg,Front Door Belt LT | 72450TA0A01 | $27.29* | | S1 | 0.6 | SM |
| 23 | E | 242 | | Mldg,Front Door Belt RT | 72410TA0A01 | $27.29* | | S1 | 0.6 | SM |
| 24 | SB | 287 | | Door Shell,Rear LT >> PDR | Sublet Repair | $75.00* | | | | SM |
| 25 | SB | 286 | | Door Shell,Rear RT >> PDR | Sublet Repair | $75.00* | | | | SM |
| 26 | E | 363 | | Mldg,Rear Door Scalp RT | 72921TA0A01 | $46.12 | | S1 | 0.2 | SM |
| 27 | E | 333 | | Mldg,Rear Door Belt LT | 72950TA0A01 | $26.29* | | S1 | 0.3 | SM |
| 28 | E | 334 | | Mldg,Rear Door Belt RT | 72910TA0A01 | $26.29* | | S1 | 0.3 | SM |
| 29 | RI | 307 | | Pnl,Inner Door Trim LT | R & I Assembly | | | | 0.4 | SM |
| 30 | RI | 308 | | Pnl,Inner Door Trim RT | R & I Assembly | | | | 0.4 | SM |
| 31 | E | 341 | 01 | Panel,Roof | 62100TA5A10ZZ | $644.47 | | S1 | 21.9 | SM |
| 32 | L | 341 | | Panel,Roof | Refinish 2.8 Surface 0.5 Edge 0.6 Two-stage | | | S1 | 3.9 | RF |
| 33 | RI | 343 | | Glass Panel,Roof | R & I Assembly | | | S1 | INC | SM |
| 34 | E | 351 | | Mldg,Roof Drip LT | 73162TA0A01 | $49.11* | | S1 | INC | SM |
| 35 | E | 352 | | Mldg,Roof Drip RT | 73152TA0A01 | $49.17* | | S1 | INC | SM |
| 36 | RI | 274 | | Motor,Sliding Roof | R & I Assembly | | | S1 | 1.2 | SM |
| 37 | RI | 360 | | Cable,Sldg Roof | R & I Assembly | | | S1 | 1.2 | SM |
| 38 | RI | 467 | | Frame,Glass Panel | R & I Assembly | | | S1 | INC | SM |
| 39 | RI | 883 | | Roof Headliner R & I | R & I Assembly | | | S1 | INC | SM |
| 40 | RI | 369 | | Back Glass R & I | R & I Assembly | | | S1 | INC | SM |
| 41 | SB | 389 | | Pnl Assembly,Quarter LT >> PDR | Sublet Repair | $225.00* | | | | SM |
| 42 | SB | 390 | | Pnl Assembly,Quarter RT >> PDR | Sublet Repair | $225.00* | | | | SM |
| 43 | EP | 479 | | Lid,Rear Deck | Replace PXN | $433.00 | | | 1.9 | SM |
| 44 | L | 479 | | Lid,Rear Deck | Refinish 2.2 Surface 0.9 Edge 0.4 Two-stage | | | | 3.5 | RF |
| 45 | RI | 391 | | Pnl,Lid Inner Trim | R & I Assembly | | | | INC | SM |
| 46 | RI | 519 | | N/Plate,Deck Lid | R & I Assembly | | | | 0.2 | SM |
| 47 | RI | 507 | | Emblem,Deck Lid | R & I Assembly | | | | 0.2 | SM |
| 48 | RI | 500 | | W/Strip,Deck Lid | R & I Assembly | | | | 0.5 | SM |
| 49 | RI | 518 | | Spoiler,Deck Lid | R & I Assembly | | | | INC | SM |
| 50 | RI | 533 | | Taillamp Assembly LT | R & I Assembly | | | | 1.7 | SM |
| 51 | RI | 534 | | Taillamp Assembly RT | R & I Assembly | | | | 0.6 | SM |
| 52 | EC | M29 | | Glass Installation Kit >> 2 x 25.00 | QUALITY REPL. PART | $50.00* | | S1 | | SM |
| 53 | SB | M60 | | Hazardous Waste Removal | Sublet Repair | $3.00* | | | | SM |
| 54 | I | M66 | | Color Sand And Buff | Repair | | | S1 | 2.2* | SM* |
| 55 | SB | | | Roof Sail ,Rt >> PDR | Sublet Repair | $150.00* | | S1 | | SM* |
| 56 | SB | | | Roof Sail, Lt | Sublet Repair | $275.00* | | S1 | | SM* |
| 57 | N | | | Mask Inside Jambs | Additional Labor | | | S1 | 0.8* | SM* |

57   Items

| MC | Message |
|---|---|
| 01 | CALL DEALER FOR EXACT PART # / PRICE |
| 13 | INCLUDES 0.6 HOURS FIRST PANEL TWO-STAGE ALLOWANCE |
| 46 | PRINTABLE ALTERNATE PARTS COMPARE |

**Estimate Total & Entries**

| | | | | |
|---|---|---|---|---|
| Gross Parts | | | $925.85 | |
| Other Parts | | | $848.00 | |
| Paint Materials | | | $332.80 | |
| Parts & Material Total | | | | $2,106.65 |
| Tax on Parts & Material | | @  9.500% | | $200.13 |

| Labor | Rate | Replace Hrs | Repair Hrs | Total Hrs | |
|---|---|---|---|---|---|
| Sheet Metal (SM) | $46.00 | 35.9 | 5.1 | 41.0 | $1,886.00 |
| Mech/Elec (ME) | $65.00 | | | | |
| Frame (FR) | $60.00 | | | | |
| Refinish (RF) | $46.00 | 12.8 | | 12.8 | $588.80 |
| Paint Materials | $26.00 | | | | |

08/11/20*1 07:25 PM

Case: 1:12-cv-09943 Document #: 1 Filed: 12/13/12 Page 20 of 30 PageID #:20

2008 Honda Accord EX 4 DR Sedan
Claim #: 296608-01

07/11/2011 05:27 PM
08/11/2011 07:25 PM

| | | | |
|---|---|---|---|
| **Labor Total** | 53.8 Hours | | $2,474.80 |
| **Sublet Repairs** | | | $1,828.00 |
| **Gross Total** | | | $6,609.58 |
| Less: Deductible | | | $500.00- |
| **Net Total** | | | $6,109.58 |
| Rates / Taxes Adjustment | | S1 | |
| **Actual Supplement Total** | $2,167.91 | | |
| Less: Previous Net Total | | | $3,941.67- |
| **Net Supplement Total** | | | $2,167.91 |

Alternate Parts Y/00/00/00/00/00 CUM 02/01/00/01/00 Zip Code: 77040 houston

Audatex Estimating 6.0.353 S1 08/11/2011 07:25 PM REL 6.0.353 DT 06/01/2011
Copyright (C) 2009 Audatex North America, Inc.

**2.2 HRS WERE ADDED TO THIS ESTIMATE BASED ON AUDATEX'S TWO-STAGE REFINISH FORMULA.**

THIS IS NOT AN AUTHORIZATION TO REPAIR. AUTHORIZATION MUST COME FROM OWNER.
WE RESERVE THE RIGHT TO REINSPECT ANY ADDITIONAL DAMAGES BEFORE AUTHORIZING
SUPPLEMENTAL REPAIR CHARGES.

THIS ESTIMATE HAS BEEN PREPARED BASED ON THE USE OF CRASH PARTS
SUPPLIED BY A SOURCE OTHER THAN THE MANUFACTURER OF YOUR MOTOR VEHICLE.
WARRANTIES APPLICABLE TO THESE REPLACEMENT PARTS ARE PROVIDED BY THE
MANUFACTURER OR DISTRIBUTOR OF THESE PARTS RATHER THAN THE MANUFACTURER
OF YOUR VEHICLE.

**Op Codes**

| | | |
|---|---|---|
| * = User-Entered Value | E = Replace OEM | NG = Replace NAGS |
| EC = QUALITY REPL. PART | OE = Replace PXN OE Srpls | UE = Replace OE Surplus |
| ET = Partial Replace Labor | EP = Replace PXN | EU = QLTY RECYCLED PART |
| TE = Partial Replace Price | PM = Replace PXN Reman/Rcblt | UM = Replace Reman/Rebuilt |
| L = Refinish | PC = Replace PXN Reconditioned | UC = Replace Reconditioned |
| TT = Two-Tone | SB = Sublet Repair | N = Additional Labor |
| BR = Blend Refinish | I = Repair | IT = Partial Repair |
| CG = Chipguard | RI = R & I Assembly | P = Check |
| AA = Appearance Allowance | RP = Related Prior Damage | |



This report contains proprietary information of Audatex and may not be disclosed to any third party (other than the insured, claimant and others on a need to know basis in order to effectuate the claims process) without Audatex's prior written consent.

Copyright (C) 2009 Audatex North America, Inc.
Audatex Estimating is a trademark of Audatex North America, Inc.

Images

# Horace Mann - 7072

| Date Cleared | Check No. | Claim No. | Amount |
|---|---|---|---|
| 11/7/2011 | 4001563892 | 28660B | $3,941.67 |

**Check Front**



**Check Back**

Print   Close Window



**Illinois National Bank**
322 E. Capitol • Springfield, IL 62701

The image(s) shown above
represent official copies of
original documents processed
by our institution.

Dec 13 12 02:37p      Shelley R. Leverso                    (630)627-1360      p.8

Images                                                      Page 1 of 1

# Horace Mann - 7072

| Date Cleared | Check No. | Claim No. | Amount |
|---|---|---|---|
| 8/23/2011 | 4001524307 | 28660B | $2,167.91 |

**Check Front**



**Check Back**



Print    Close Window



The image(s) shown above
represent official copies of
original documents processed
by our institution.

LAW OFFICES

# PINDERSKI & PINDERSKI, LTD.

Jerome W. Pinderski, Jr.
Paul C. Pinderski
Polly J. Pinderski

Jerome W. Pinderski
1925-1993

Louis Pinderski
1883-1943

115 West Colfax Street
Palatine, Illinois 60067-5086 USA

847-358-5220
FAX 847-358-4506
PinderLaw@aol.com

www.pinderski.com

December 14, 2011

By
Certified Mail, RRR
& First Class Mail

Andrew Kretschmar
554 W. Northwest Highway
Unit A
Palatine, IL 60067

Re: A& A Body Shop, Inc.
Unpaid Repair Services &
Stopped Payment Check: plus costs
Final Demand for Payment

Dear Mr. Kretschmar:

Please be advised that our firm has been retained to begin collection proceedings for the amount of
the check you tendered for payment of services, material and labor of A & A Auto Body but which
you failed to remit the full payment.

In conjunction with your insurance carrier, an estimate for the work to be done on your car was
performed by A&A Auto Body. You picked up your repaired vehicle on August 23, 2011. At that
time, you accepted the condition of the car and did not have any issues with the repairs. You were
supposed to bring the insurance check, but told the owner of the shop that it would be sent to him.
You gave him your personal check, in the amount of $500.00 for your deductible. You never sent
the insurance check. In addition, you immediately stopped payment on your personal check.
Enclosed please find a copy of your August 23, 2011 check, number 271, detailing the amount of
$500.00 payment to A & A Body Shop, Inc. and the bank notification of stopped payment as to the
validity of the debt sought to be collected.

This is a final demand for full payment of your account plus the statutory costs under Illinois law.
A person who issues a check for payment that is not honored can be liable under the Illinois
Deceptive Practices Act for the amount of the check, damages of treble the amount so owing, but in
no case less than $100 and no more than $1,500, plus attorneys fees and court costs. 720 ILCS
5/17-1a. In addition, the Illinois Commercial Code provides for the collection of reasonable costs,
including attorney fees and all costs and expenses incurred with the collection of the unpaid check.
810 ILCS 5/3-806.

In order to avoid formal collection proceedings to be instituted, we ask that you tender by cashier's
or certified funds payable to A & A Body Shop, Inc. within 30 days of this letter, the following:

| | | |
|---|---|---|
| 1. | Total unpaid balance | $4441.67 |
| 2. | Bank charge incurred | $    5.00 |
| 3. | Attorney fee & costs | $  100.00 |

LAW OFFICES

# PINDERSKI & PINDERSKI, LTD.

December 14, 2011

Kretschmar/ A & A Body Shop
Page Two

| | | |
|---|---|---|
| 4. Interest (815 ILCS 205 @ $0.608/day x 113) | $ 68.70 | |
| Total due | $4615.37 | |

If this matter is not resolved, additional attorney fees, expenses and costs will be sought in any court proceeding.

This letter is intended to collect a debt. If you disagree with the nature, amount or the validity of the debt you must contact the undersigned as soon as possible. The debt will be presumed valid by us if you do not dispute its validity in writing within 30 days. This is an attempt to collect a debt and any information obtained will be used for that purpose. Any correspondence, conversations or documents provided by you may be used in any collection proceeding.

We strongly urge you to review this letter and make any undisputed payments to us for forwarding to our client.

If you have any questions, please advise.

Thank you for your cooperation and early reply.

Very truly yours,

PINDERSKI & PINDERSKI, LTD.

Paul C. Pinderski

Encl.

cc: C. Steif, A& A Body Shop, Inc.

Case: 1:12-cv-09943 Document #: 1 Filed: 12/13/12 Page 25 of 30 PageID #:25

**ADVICE OF DEBIT**

**BANK OF PALATINE**
1 EAST NORTHWEST HWY.
PALATINE, ILLINOIS 60067

We this date charged your account and returned unpaid the following items endorsed by you:   DATE

| | KEY | DRAWN BY | DRAWN ON | AMOUNT |
|---|---|---|---|---|
| 1. Insufficient funds | | *Andrew Kretschmar* | | |
| 2. Endorsement missing | | | | |
| 3. Endorsement not as drawn | | *847-525-1404* | | |
| 4. Not on us | | | | |
| 5. Signature | | | | |
| 6. Uncollected funds | | | | |
| 7. Account Closed | | | | |
| 8. Other reason (specify) | | | | |
| *Stop Pmt* | | | TOTAL | *500.00* |

Charge To   *A   Body Shop*
              *100 W*
              *Palatine   IL  60067*

ACCT. NO. *2398101*
APPROVED BY: *M*

---

*075000301*
06/31/2011
6316431039

This is a LEGAL COPY of
your check. You can use it
the same way you would
use the original check.

RETURN REASON – C
STOP PAYMENT

**STOP PAYMENT**

271

Andrew W. Kretschmar  91-66
684 W Northwest Hwy Unit A
Palatine, IL 60067

PAY TO THE ORDER OF  *A and A*                                $ *500.00*
*five-hundred   and   No/100*                              DOLLARS

**Premier Credit Union**
1212 W Northwest Hwy
Palatine, IL 60067 1607

FOR  *INS Deductible*

⑆271988980⑆   ⑈00004598⑈   ⑆0000050000⑉

# A & A BODY SHOP, INC.

**600 WEST COLFAX ST.**
**PALATINE, IL 60067**
**847-358-1616**

# Invoice

| INVOICE |
|---|
| KRETSCHMAR , ANDREW |
| 554 W NORTHWEST HWY. |
| PALATINE , ILLINOIS 60067 |
| CLAIM # 28660B-01 |

| DATE | INVOICE # |
|---|---|
| 10/19/2011 | 41354 |

| TELEPHONE # | WORK # | LICENSE # | CAR MAKE |
|---|---|---|---|
| 847-525-1404 | | H 599-180 | 2008 HONDA ACCORD |

| DESCRIPTION | AMOUNT |
|---|---|
| REPAIRS AS PER ORIGINAL ESTIMATE | 6,609.58 |
| SUPPLEMENT AMOUNT PAID BY INSURANCE    ( 8-18-11) | -2,167.91 |
| | |
| BALANCE DUE ASAP!!!!!!!!! | |
| Sales Tax | 0.00 |

| THANK YOU FOR YOUR BUSINESS: | **Total** | $4,441.67 |
|---|---|---|

**Exhibit C**

**February 17, 2012 Letter from Attny. Meister to Defendants**

Dec 13 12 02:40p     Shelley R. Leverso                    (630) 627-1360           p.2



# Jacob Meister
## & Associates
### ATTORNEYS AT LAW

February 17, 2012

Paul C. Pinderski
Pinderski & Pinderski, Ltd.
115 West Colfax Street
Palatine, IL 60067

Re:    Our Client: Andrew Kretschmar
       Your Client: A&A Auto Body

Dear Mr. Pinderski:

As you know, we represent Andrew Kretschmar with respect to the dispute with A&A
Auto Body.

Please be advised that my client continues to contest the validity of the amounts claimed
by A&A Auto Body. Moreover, the information provided in January does not address
the issues raised in my December letter and any further action on your part is a continued
violation of the Fair Debt Collection Practices Act.

As I previously advised, the work performed by your client was defective in a number of
material respects. In addition, regardless of what my client's insurer paid to my client,
the work by your client was substantially defective, improper parts were used and there
was a substantial overcharge for labor. Finally, we believe that there was an illegal
arrangement between your client and the claim adjuster who handled the claim.

Once again, pursuant to the Fair Debt Collection Practices Act, we demand that you cease
all collection efforts until such time as you provide evidence establishing a proper legal
basis for the debt that you seek to collect, together with all documentation that
substantiates the amounts that you claim are owed. Specifically, we note that you still
have not supplied the following documents to substantiate the claim:

1.    Itemization of all amounts charged for labor and materials;
2.    Detailed time records and time cards/tickets of each employee or
      contractor who allegedly performed any work;
3.    Receipts from all sub-contractors;
4.    Receipts for all parts allegedly used;
5.    Documents concerning all kick-backs paid by your client; and



Loop Office | 65 East Wacker Place, Suite 2300 | Chicago, Illinois 60601 | p. 312.201.6555 | f. 312.278.0857
Bucktown Office | 2129 North Western Avenue | Chicago, Illinois 60647 | p. 773.278.6555 | f. 312.278.0857



Dec 13 12 02:40p          Shelley R. Leverso                    (630) 627-1360                    p.3



Paul C. Pinderski
February 20, 2012
Page 2 of 2

      6.      Copies of all documents and communications relating to <u>any</u> claim handled by the claim adjustor who handled Mr. Kretschmar's claim.

Your assertion that Mr. Kretchmar did not complain about the work performed is untrue. The defects in your clients work includes, but is not limited to: the car leaks every time it rains; the headlight is not watertight and filled with water, resulting in substantial electrical issues that will likely exceed the value of the alleged repairs; door trim does not match; aftermarket parts were improperly used; the fenders are improperly completed; PDR was used where new parts should have been used; and the repairs took an excessive amount of time, resulting in loss of use damage to my client.

Further, we request that you provide us with the current name, address and phone number of the owner of the alleged debt.

We trust that you will take no further action to collect these amounts and that all future communication will be directed to my attention.

Very truly yours,

Jacob V. Meister

cc: Andrew Kretschmar

HP LaserJet 113    FP

Fax Confirmation

| Job | Date | Time | Ty | Identification | Duration | Pages | Result |
|-----|------|------|-----|----------------|----------|-------|--------|
| 1482 | 02/20/2012 | 14:43 | | 8473584506 | 01:02 | 2 | OK |

## :ob Meister
## & Associates
### ATTORNEYS AT LAW

February 17, 2012

. Pinderski
. d & Pinderski, Ltd.
est Colfax Street
e, IL 60067

Our Client: Andrew Kretschmar
Your Client: A&A Auto Body

r. Pinderski:

u know, we represent Andrew Kretschmar with respect to the dispute with A&A
Body.

be advised that my client continues to contest the validity of the amounts claimed
A Auto Body. Moreover, the information provided in January does not address
s raised in my December letter and any further action on your part is a continued
n of the Fair Debt Collection Practices Act.

riously advised, the work performed by your client was defective in a number of
respects. In addition, regardless of what my client's insurer paid to my client,
y your client was substantially defective, improper parts were used and there
substantial overcharge for labor. Finally, we believe that there was an illegal
ment between your client and the claim adjuster who handled the claim.

ain, pursuant to the Fair Debt Collection Practices Act, we demand that you cease
ction efforts until such time as you provide evidence establishing a proper legal
for the debt that you seek to collect, together with all documentation that
tiates the amounts that you claim are owed. Specifically, we note that you still
t supplied the following documents to substantiate the claim:

1.    Itemization of all amounts charged for labor and materials;
2.    Detailed time records and time cards/tickets of each employee or
      contractor who allegedly performed any work;
3     Receipts from all sub-contractors;
4.    Receipts for all parts allegedly used;
5.    Documents concerning all kick-backs paid by your client; and

5 East Wacker Place, Suite 2200 I Chicago, Illinois 60601 I p. 312.201.6565 I f. 312.278.0857
ce I 2120 North Western Avenue I Chicago, Illinois 60647 I p. 773.278.6565 I f. 312.278.0857